UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRUCE GRIFFIN,

                    Plaintiff,

                                                          **DECISION AND ORDER**
            v.                                             21-CV-1179S

KRISTINE SINGH and
UNIFUND ASSURANCE COMPANY,

                    Defendants.

# I.  INTRODUCTION

This is a removed action in which Plaintiff Bruce Griffin sues for damages he allegedly incurred after a motor-vehicle accident with Defendant Kristine Singh on November 13, 2018.   Before this Court is Defendants' motion to dismiss for failure to prosecute, pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.   (Docket No. 27.)   For the following reasons, Defendants' motion will be denied, Griffin will be directed to retain new counsel or proceed pro se, and Griffin's counsel will be directed to show cause why he should not be referred for discipline.

# II.  BACKGROUND

## A.  Procedural History

Griffin, who at all times has been represented by counsel, initiated this action in the New York State Supreme Court, County of Erie, on August 13, 2021.   (Notice of Removal, Docket No. 1, ¶ 1.)   Defendants removed the action to federal court on November 1, 2021, on the basis of diversity jurisdiction.   (See id. at ¶¶ 3-7.)

Upon filing of the Notice of Removal and Defendants' answer, this Court referred the matter to the assigned magistrate judge for oversight of all pretrial proceedings.

(Docket No. 4.)   The magistrate judge issued the initial case-management order on January 20, 2022.   (Docket No. 7.)

Discovery did not go well.   Griffin never served any discovery demands. (Declaration of James P. Brodie, Esq. ("Brodie Decl."), Docket No. 27-1, ¶ 15.) Defendants served discovery demands on August 23, 2022, but Griffin did not timely comply nor did he comply after a good-faith letter.   (Id. ¶¶ 5-7.)   With no discovery having been completed, the mediator adjourned the first scheduled mediation session. (Docket No. 14.)

In February 2023, Defendants contacted Griffin's counsel to make a second good-faith attempt to advance discovery, but counsel reported that he had lost Defendants' discovery demands.   (Brodie Decl., ¶ 9.)   Defendants provided another copy of their discovery demands on February 8, 2023, but counsel still did not comply.   (Id.)

Defendants made similar good-faith efforts in March and April 2023, culminating in a motion to compel, which the magistrate judge scheduled for an April 14, 2023 hearing. (Id. ¶¶ 10, 11.)   One hour before the hearing, Griffin's counsel moved to adjourn on the basis that Defendants had given him until the end of that day to provide the outstanding discovery responses.   (Docket No. 18.)   The magistrate judge adjourned the hearing and advised the parties to contact his chambers if further proceedings were necessary. (Docket No. 19.)

Three days later (and three days late), Griffin's counsel responded to Defendants' Notice to Produce, but failed to respond to Defendants' First Set of Interrogatories. (Brodie Decl, ¶ 12.)   Defendants therefore requested further proceedings before the magistrate judge, who set a hearing for April 27, 2023.   (Docket No. 20.)

2

Neither Griffin nor his lawyer appeared at the rescheduled hearing, prompting the magistrate judge to issue an order to show cause why the case should not be dismissed for failure to prosecute.   (Docket Nos. 22, 23; Brodie Decl., ¶ 13.)   Griffin filed nothing in response to the order to show cause nor did he or his lawyer appear for the May 9, 2023 show cause hearing.   (Docket No. 26; Brodie Decl., ¶ 13.)

Consequently, with the magistrate judge's support, Defendants filed a motion to dismiss for lack of prosecution on May 19, 2023.   (Docket Nos. 26, 27.)   This Court thereafter set three separate deadlines for Griffin's response, each of which he ignored. (Docket Nos. 28-30.)   The two scheduling orders each warned Griffin that failure to comply could result in his case being dismissed for failure to prosecute.   (Docket Nos. 29, 30.)   The last scheduling order warned Griffin that it was his final opportunity to comply with the court's directive and respond to Defendants' motion.   (Docket No. 30.)

On October 13, 2023—more than two months after the final *sua sponte* deadline— Griffin's counsel filed a 4-page affirmation in opposition to Defendants' motion.   (Docket No. 32.)   Ten days later, Defendants filed a reply that calls the veracity of Griffin's counsel's representations into serious question.[1]   (Docket No. 34.)   Shortly thereafter, Defendants filed a letter requesting oral argument.[2]   (Docket No. 35.)

Other than his counsel's recent affirmation, Griffin has taken no action since his last-minute adjournment request on April 14, 2023, some seven months ago, and he has

---

1 Despite Defendants filing a reply that proves many of counsel's representations demonstrably false, counsel made no effort to file a sur-reply or otherwise seek to correct any of the statements in his affirmation. See Loc. R. Civ. P. 7 (a)(6) (providing the sur-reply papers are not permitted *unless authorized by the judge hearing the motion*) (emphasis added).

2 This Court does not accept letters for such requests.   In any event, this Court's review of the submissions reveals that oral argument is unnecessary.   Defendants' request will therefore be denied.

yet to fulfill his discovery obligations.

**B. Counsel's Affirmation**

Griffin's only defense to failing to prosecute this action centers around his lawyer's claim that he received none of the documents in this case.   Counsel states under penalty of perjury that he was not registered in the CM/ECF system, was unaware of the registration requirement, and never received any of the filings in this case, including Defendants' motion and this Court's orders.   (See Affirmation of Roland M. Cercone ("Cercone Affirm."), Docket No. 32, ¶¶ 1, 3, 5, 7, 10, 11, 13-15.)   He further affirms that he has not previously had a case in federal court and only appeared here once on a collateral matter.   (Id. ¶¶ 2, 5, 7, 12.)   Finally, counsel maintains that once he learned of the current posture of the case through telephone calls to the court, he immediately registered for the CM/ECF system for the first time on October 12, 2023.   (Id. ¶¶ 12, 13, 15.)   Counsel requests that this case not be dismissed because the failure to prosecute was "not from any intentional negligence of my own or willful failure to answer or prosecute this case but rather I never received any of the papers."   (Id. ¶¶ 15, 17.)

Remarkably, counsel's claims are easily disproven.

Counsel first represents that he has never handled a case in federal court, but for a collateral matter.   (See id. ¶¶ 2, 5, 7.)   Due to that inexperience, counsel maintains that he was unaware that he needed to be registered for the CM/ECF system.   (Id. ¶ 5 ("Having never had a case in Federal Court before I was not registered in the CM/ECF system."); ¶ 7 ("Again, I've never had a case in Federal Court and was not even aware that I needed to be registered in the CM/ECF system to receive the papers.")).

These contentions are untrue.   A simple search of the CM/ECF system reveals

that counsel has been involved in 14 cases in the Western District of New York, mostly as lead counsel.  (See Reply Declaration of James P. Brodie, Esq. ("Brodie Reply Decl."), Docket No. 34, ¶ 23 and Exhibit C (listing cases).)  Moreover, counsel himself has affirmatively filed half of those cases here; others were removed from state court.[3] Counsel's representations that he has never had a federal case in this district, but for a collateral matter, are therefore plainly false.

So too is counsel's claim that he was not registered for the CM/ECF system and unaware that registration was required.  First, of course, counsel's registration in the CM/ECF system pre-dates his involvement in this action, as evidenced by his full participation in previous cases, including two before this Court.  See Baldwin v. United States, 14-CV-755S; Silmon v. City of Buffalo, 10-CV-274S.  Moreover, counsel must know that CM/ECF registration is required because eight of the 14 cases he previously instituted and litigated post-date the court's institution of the CM/ECF system.   In each of those cases (and in this one), counsel registered with and used two email addresses: cerconelaw@hotmail.com and cerconelaw@yahoo.com.   These are the registered email addressed at which counsel received all documents and orders in the previous actions (and in this one) without any apparent incident.   Therefore, the notion that counsel was unaware that he needed to be registered in the CM/ECF system is preposterous.

But perhaps what is most remarkable about counsel's claim that he was not registered for CM/ECF is that *he twice used the system in this very case*.   On April 28,

---

3 Counsel filed the following cases in federal court: Griffin v. Singh, 21-CV-1179S (this action); Saunders v. Ard, 17-CV-598V; Radcliffe v. United States, 17-CV-512V; Baldwin v. United States, 14-CV-755S; Merritt v. Baxter Healthcare Corp., 10-CV-1042A; Styles v. United States, 10-CV-862A; and Styles v. United States Postal Serv., 09-CV-1058A.

2022, counsel filed responses to a discovery request.   (Docket No. 9.)   Nearly one year later, on April 14, 2023, counsel filed a motion to adjourn a hearing before the magistrate judge.   (Docket No. 18.)   And counsel made these filings using the same registered email addresses listed above.   Counsel could obviously not have filed either document if he was not registered in the CM/ECF system.

Counsel next claims that as a result of not being registered in the CM/ECF system, he received none of the documents or orders in this case.   (See Cercone Affirm., ¶ 1 ("**First and foremost, I have never received any of the motion papers or the orders** . . .") (emphasis in original); ¶ 5 (". . . I never received the Court papers, the defendants' papers nor anything on this matter"); ¶ 13 (". . . I never saw any of the papers"); ¶ 15 (". . . I never received any of the papers").   The CM/ECF filing receipts, however, reflect that all docket entries pre-dating Griffin's October 2023 filings were sent to counsel at cerconelaw@hotmail.com and cerconelaw@yahoo.com, the two very same registered email contacts he used to litigate his other post-2009 cases in this district.   Moreover, none of the emails to counsel were "bounced back" as undeliverable.   Further, counsel used the cerconelaw@hotmail.com email address to communicate with the court and opposing counsel, and it is even listed on his letterhead.   (See Docket No. 32-3, p. 2 (letterhead); Docket No. 34-1 (emails with the court and counsel).)   Given counsel's previous, ongoing, and active use of the two email addresses above, it cannot reasonably be concluded that counsel failed to receive the filings in this case.

Finally, counsel maintains that once he learned of the current posture of the case through telephone calls to the court, he immediately registered for the CM/ECF system on October 12, 2023.   (Id. ¶¶ 12, 13, 15.)   As noted, however, counsel was already

registered for the CM/ECF system and has been all along.   What counsel did in mid-October was add a new registered email contact (cerconelaw@outlook.com) and remove one (cerconelaw@hotmail.com).   These changes are reflected in the CM/ECF filing receipts for docket numbers 31-36.   Contrary to his claims otherwise, counsel did not register for CM/ECF for the first time in mid-October 2023.[4]

## III.   DISCUSSION

Rule 41 (b) of the Federal Rules of Civil Procedure provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.   Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41 (b).

The rule does not define what constitutes failure to prosecute.   But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."   Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).   Dismissal under Rule 41 (b) falls within the court's discretion.   See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").   It is, however, "a

---

4  One other misstatement bears noting.   Counsel boasts that in 38 years of practicing law, he has never failed to respond to motions or failed to prosecute a case.   (Cercone Affirm., ¶¶ 6, 13.)   Yet in Baldwin v. United States, the late Hugh B. Scott, United States Magistrate Judge, issued a public admonishment of counsel as a sanction for failing to properly prosecute the case by thwarting discovery through inaction. (See Baldwin v. United States, 14-CV-755S, Docket No. 40.)

harsh remedy to be utilized only in extreme situations."   Harding v. Fed. Rsrv. Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

The following factors must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.   See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994); Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).   No single factor is dispositive.   See United States ex rel. Drake, 375 F.3d at 254.   And while a district court is not required to expressly discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning."   Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

Turning to the first factor, this Court finds that the duration of Griffin's failures, while significant, does not warrant dismissal.   The case has been pending in this court for just over two years and some discovery has been exchanged, albeit in fits and starts.   It was not until seven months ago that progress came to a halt, when Griffin became

unresponsive.   While this Court is aware that a 7-month delay is significant, see Ruzsa v. Rubenstein & Sendy Att'ys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (upholding dismissal involving 7-month delay), it nonetheless finds that given the relative age of the case, this factor weighs against dismissal.

The next factor, however, weighs in favor of dismissal.   The Second Circuit requires that a plaintiff receive adequate notice that his or her case could be dismissed due to inaction.   See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001).   Here, Griffin was warned multiple times by both the magistrate judge and this Court that his continued failure to appear and failure to respond and comply with court orders could result in dismissal of his case.   (Docket Nos. 22, 23, 29, 30.)   Because Griffin was on repeated notice that his case could be dismissed, this factor weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (upholding dismissal where plaintiff was warned that dismissal for failure to prosecute was possible).

The third factor—prejudice to the defendant—also weighs in favor of dismissal. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater."   Lyell Theatre, 682 F.2d at 43 (citations omitted).   Here, Defendants are inherently prejudiced by Griffin's failure to meaningfully engage in discovery and abide by court orders.   They are also actually prejudiced by the expense associated with providing Griffin multiple copies of discovery demands and engaging in motion practice, both to compel discovery and in seeking dismissal.   This factor thus supports dismissal.

Fourth, this Court must consider the balance between calendar congestion and

9

Griffin's right to present his case.   See Norden Sys., 375 F.3d at 257.   In this regard, "a court must not let its zeal for a tidy calendar overcome its duty to justice."   Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)).   While Griffin's inaction has caused the magistrate judge and this Court to waste judicial resources on missed appearances and multiple court filings, the overall effect on docket congestion has not been overly burdensome.   This factor thus weighs against dismissal.

The final factor requires an examination of whether sanctions less than dismissal would sufficiently remedy any prejudice resulting from the plaintiff's inaction.   See Norden Sys., 375 F.3d at 257.   In this regard, it is well settled that a client is bound by the actions of his or her lawyer, particularly where a defendant has suffered prejudice. In Link, the United States Supreme Court explained in upholding dismissal for failure to prosecute based on an attorney's conduct:

> There is certainly no merit to the contention that dismissal of petitioner's claims because of his counsel's unexcused conduct imposes an unjust penalty on the client.   Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.   Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"

See Link, 370 U.S. at 633-34 (quoting Smith v. Ayer, 101 U.S. 320, 326, 25 L. Ed. 955 (1879)); see also Parnes v. Receivable Mgmt. Servs. LLC, 489 F. Appx. 510, at *2 (2d Cir. 2012) (summary order) ("To the extent plaintiffs were prejudiced by any failings of their attorney, they chose him to represent them and must now suffer the consequences."); Bonda Indus. (HK) Co., Ltd. v. Talbot Grp., LLC, No. 08 Civ. 5507

(PKL), 2009 WL 159267, at *4 (S.D.N.Y. Jan. 22, 2009) ("it is well established that a client is bound by the actions of his counsel").

Link further recognizes that dismissal avoids "visiting the sins of plaintiff's lawyer upon the defendant," and explains that a plaintiff's remedy for counsel's failure to prosecute is a malpractice suit, not continuation of the litigation at the defendant's expense.  Link, 370 U.S. at 634 n. 10; cf. Benites v. N.Y. Dep't of Corrs. & Cmty. Supervision, No. 21-cv-6863 (CM), 2023 WL 1966181, at *6 (S.D.N.Y. Feb. 13, 2023) (citing Link and noting that a plaintiff's remedy for loss of a potential claim attributable to counsel is a malpractice suit, not continuation of a neglected action).

Notwithstanding this principle, the Second Circuit requires district courts to examine relative fault for the delay between the client and counsel in the context of determining the suitability of lesser sanctions.  See Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996); see also U.S. ex rel. Drake, 375 F.3d at 255 ("This apportionment of blame between counsel and client, however, is best considered when we get to the fifth factor—efficacy of lesser sanctions.").  The more the delay was occasioned by the client's obstruction, or was designed to strategically benefit the client, the more suitable an order of dismissal.  Dodson, 86 F.3d at 40.  "Conversely, the more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer."  Id.

Here, Griffin's counsel is to blame for failing to properly prosecute this case, to the exclusion of his client.  The disproven contentions in counsel's affirmation lead to the inescapable conclusion that counsel received all correspondence and orders and inexcusably neglected them, or worse, willfully failed to abide by them.  There is no

11

indication that Griffin knew of or was complicit in counsel's significant failures, or that counsel's conduct was intended to strategically benefit Griffin in any way.   Counsel simply, and inexplicably, stopped prosecuting this case.   And while these circumstances may well support dismissal, see Salata v. Weyerhaeuser Co., 757 F.3d 695, 700 (7th Cir. 2014) (upholding dismissal for failure to prosecute where counsel claimed she never received CM/ECF notifications, yet she was registered with the court's CM/ECF system and all filings were sent to her registered email address), this Court is also cognizant that "[w]hen the client's only fault is his poor choice of counsel, dismissal of the action has been deemed a disproportionate sanction," Shea v. Donohoe Const. Co., Inc., 795 F.2d 1071, 1077 (D.C. Cir. 1986).   Poor choice of counsel appears to be the case here.

In this Court's view, the balance of equities requires a lesser sanction than dismissal, given that Griffin is not at fault for any portion of counsel's dereliction of duty. See id. (reversing dismissal where "there [was] no evidence whatsoever of client complicity, or even awareness" of counsel's failures).   Rather, the lesser sanction of removing Griffin's lawyer as counsel in this case, both because of his inaction and his submission of a false affirmation, should sufficiently remedy the prejudice resulting from his conduct.   See Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 n. 1 (1st Cir. 1977) (providing that lesser sanctions may include "a warning, a formal reprimand, placing the case at the bottom of the calendar list, a fine, the imposition of costs or attorney fees, the temporary suspension of the counsel from practice before the court, and dismissal of the suit unless new counsel is secured); Jackson v. Wash. Monthly Co., 569 F.2d 119, 123 n. 24 (D.C. Cir. 1977) (listing alternative sanctions); cf. In Re Se. Banking Corp., 204 F.3d 1322, 1334 (11th Cir. 2000) (finding removal of trustee in

bankruptcy action should have been considered as alternative sanction to dismissal). Moreover, requiring Griffin's counsel to show cause why he should not be referred for discipline for submitting his demonstrably false affirmation will further protect the orderly administration of justice.

Consequently, having assessed the relevant factors, this Court finds that dismissal for failure to prosecute is unwarranted given that a lesser sanction will suffice to cure any prejudice.   Defendants' motion to dismiss for failure to prosecute will therefore be denied.

## IV.   CONCLUSION

Griffin has failed to diligently prosecute this action and has failed to comply with the orders of this Court.   But this is solely due to counsel's failings.   Because removal of Griffin's counsel will suffice to cure any prejudice, counsel will be removed[5] and Defendants' motion to dismiss under Rule 41 (b) will be denied.   In addition, given the findings above concerning counsel's sworn affirmation, this Court finds it warranted to require counsel to show cause why he should not be referred for discipline under Local Rule 83.3.

## V.   ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss for Failure to Prosecute (Docket No. 27) is DENIED.

FURTHER, that Defendants' request for oral argument (Docket No. 36) is DENIED.

FURTHER, that attorney Roland M. Cercone, Esq., is REMOVED as counsel in this matter, with release of any outstanding costs, expenses, fees, or liens chargeable to

---

5 Given the egregious conduct here, removal of counsel comes with a release of any outstanding costs, expenses, fees, or liens chargeable to Griffin.

Plaintiff Bruce Griffin.

FURTHER, that Plaintiff Bruce Griffin is afforded 60 days within which to retain new counsel or elect to proceed pro se.

FURTHER, that Defendants and Plaintiff Bruce Griffin (and any newly retained counsel) must appear before this Court on February 14, 2024, at 9:00 a.m., for a status conference.

FURTHER, that attorney Roland M. Cercone, Esq., is ORDERED TO SHOW CAUSE, in a sworn affidavit due by December 15, 2023, why he should not be referred for discipline under Local Rule 83.3, given the findings concerning the sworn affirmation he filed in this case at Docket No. 32.

FURTHER, that attorney Roland M. Cercone, Esq., shall appear before this Court in person on December 20, 2023, at 10:00 a.m., for a show cause hearing.

FURTHER, that in an abundance of caution, the Clerk of Court is directed to mail a copy of this decision to Roland M. Cercone, Esq., 484 Delaware Avenue, Buffalo, NY 14202.

FURTHER, that attorney Roland M. Cercone, Esq., is ordered to serve a copy of this decision on Plaintiff Bruce Griffin within seven days of its issuance and to file proof of the same on the docket.

SO ORDERED.

Dated:      November 29, 2023
            Buffalo, New York

                                    s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge